**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BWP MEDIA USA INC.,**

  **Plaintiff,**

**v.**                      Case No: **6:14-cv-337-Orl-31KRS**

**ALL ACCESS FANS, INC. and ALL**
**ACCESS MEDIA, LLC,**

  **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

  This matter comes before the Court following consideration of the response of Plaintiff BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") to the Court's Order To Show Cause (Doc. No. 27).

  On February 28, 2014, BWP filed its complaint against Defendant All Access Fans, Inc. alleging copyright infringement. Doc. No. 1. A summons was issued as to Defendant All Access Fans, Inc. on March 3, 2014. Doc. No. 4. A return of service was filed on April 25, 2014, reflecting substituted service on All Access Fans, Inc. via the Florida Secretary of State. Doc. No. 12. BWP did not file a return receipt or affidavit of compliance indicating that copies of the summons and complaint were sent to All Access Fans, Inc. by registered or certified mail.

  BWP filed an application for entry of default on August 4, 2014. Doc. No. 14. On August 5, 2014, the Clerk entered a default against Defendant All Access Fans, Inc. Doc. No. 15. BWP subsequently filed a motion for default judgment. Doc. No. 17.

On October 16, 2014, this Court entered an order requesting supplemental briefing from BWP on the issues of (1) whether substituted service of process on All Access Fans, Inc. via service on the Florida Secretary State was appropriate in this case; and (2) whether BWP had properly perfected service of process by pleading the foundational allegations for substituted service in its complaint.  Doc. No. 18.  After BWP failed to file its supplemental brief by the required deadline, this Court issued a show-cause order, requiring BWP to show cause in writing why the Clerk's default should not be vacated based on the failure to properly serve All Access Fans, Inc. with a copy of the summons and complaint in accordance with Federal Rule of Civil Procedure 4.  Doc. No. 19.

On November 4, 2014, BWP filed a supplemental brief, arguing that substituted service of process on All Access Fans, Inc. was appropriate, but requesting leave to amend the complaint to "address the jurisdictional requirements and state the circumstances which show that Defendant and its registered agent have been attempting to conceal their whereabouts."  Doc. No. 20 at 3.  On November 14, 2014, in light of BWP's supplemental brief, the Court vacated the default entered against All Access Fans, Inc.  Doc. No. 21 at 3.  The Court further ordered BWP to file an amended complaint containing the foundational allegations required to perfect substituted service of process via service on the Florida Secretary of State.  *Id.*

BWP filed its amended complaint on November 21, 2014, and added All Access Media, LLC as an additional defendant.  Doc. No. 22.  On December 12, 2014, a return of service was filed with the Court concerning Defendant All Access Fans, Inc.  Doc. No. 23.  The return of service indicated that the summons was served upon the Florida Secretary of State on December 11, 2014, and included an affidavit of non-service outlining service attempts by the process server during a two-day period.  *Id.* at 2; Doc. No. 23-1.  No return receipt or affidavit of compliance

indicating that copies of the summons and amended complaint were sent to All Access Fans, Inc. by registered or certified mail was filed with the Court. The record further indicates that no summons has yet issued concerning Defendant All Access Media, LLC.

On January 21, 2015, BWP again moved for an entry of Clerk's default. Doc. No. 24. The Court denied that motion without prejudice, holding that BWP had had not established compliance with Fla. Stat. § 48.161, which requires a plaintiff seeking the benefit of substituted service to (1) mail a copy of the summons and complaint to All Access Fans, Inc. by registered or certified mail; (2) file the defendant's return receipt; and (3) file an affidavit of compliance by the plaintiff or his attorney. Doc. No. 25, at 4–5; *see also Guenette v. Johnson Enters. Unlimited, Inc.*, No. 5:12-cv-483-Oc-10PRL, 2013 WL 274174, at \*2 (M.D. Fla. Jan. 24, 2013); *Valliappan v. Cruz*, 871 So. 2d 1035, 1036 (Fla. 4th Dist. Ct. App. 2004) (per curiam). Accordingly, the Court concluded that BWP had not yet perfected service on All Access Fans, Inc. Doc. No. 25, at 5. Moreover, the Court held that BWP failed to provide sufficient evidence that substitute service was appropriate under the circumstances. *Id.*

On February 17, 2015, the Court issued an order requiring BWP to show cause in writing why sanctions should not be imposed, including but not limited to dismissal of this action with respect to Defendant All Access Fans, Inc., as a result of its failure to timely perfect service on All Access Fans, Inc. as required by Rule 4(m). Doc. No. 26.

On February 17, 2015, BWP filed its response to the show-cause order. Doc. No. 27. BWP acknowledged that "Plaintiff has not been able to perfect service on All Access Fans, Inc. within the 120 day time limit." Doc. 27 ¶ 12. BWP also indicated that it has not located a proper address for either All Access Fans, Inc. or All Access Media, LLC. *Id.* ¶¶ 14–15. BWP, therefore,

requested leave to file a dismissal without prejudice, so that it could refile the case if and when it locates the parties. *Id.* ¶ 17.

On March 5, 2015, the Court granted BWP leave to file a dismissal. Doc. No. 28. To date, BWP has not filed its dismissal without prejudice. Over a year has passed since the BWP's complaint was filed against All Access Fans, Inc., and the record still does not reflect that service has been perfected on that party.[1] More than 120 days have also now passed since All Access Media, LLC was named as a party in the amended complaint, and the record still does not reflect that any summons has issued against it, let alone that service has been perfected.[2]

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS without prejudice** BWP's claims against both defendants, based on BWP's failure to timely perfect service on either defendant in accordance with Federal Rule of Civil Procedure 4(m), and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 25, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[1] I note that BWP's filing of an amended complaint did not operate to restart the 120-day period set by Federal Rule of Civil Procedure 4(m). *See Krock v. Toyota Motor Corp.*, No. 5:12-cv-516-Oc-34PRL, 2013 U.S. Dist. LEXIS 28419, at *1 (M.D. Fla. Mar. 1, 2013). Regardless, more than 120 days have now passed since the filing of BWP's amended complaint.

[2] The Court has not entered an order to show cause why the claims against All Access Media, LLC should not be dismissed. This Report and Recommendation provides the notice to BWP required by Rule 4(m) regarding dismissal of the claims against All Access Media, LLC.

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy